SENTELLE, Circuit Judge,
dissenting:
The majority accurately sets forth the background in this case and the appropriate standard of review. I do not believe it *14 properly applies that standard to those facts. As the majority reminds us, courts “must give effect to the unambiguously expressed intent of Congress.” Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). The two-step Chevron analysis comes into play only when “the statute is silent or ambiguous with respect to the specific issue” under review. Id. As I understand the specific issue before us, it is whether the Secretary may make the determination of average concentration more than eighteen months after December 30, 1969, by measurement over a single shift after a finding that “single shift measurement of respirable dust will not, after applying valid statistical techniques to such measurement, accurately represent the atmospheric conditions to which the miner is continuously exposed.” Notice of Finding that a Single Shift Measurement of Respirable Dust Will Not Accurately Represent Atmospheric Conditions During Such Shift, 37 Fed. Reg. 3833 (Feb. 23, 1972).
The statute passed by Congress says that after that trigger date, the average concentration is “as measured ... over a single shift only, unless the Secretaries] find ... that such single shift measurement will not ... accurately represent such atmospheric conditions during such shift.” 30 U.S.C. § 842(f). I am aware, as we have observed in the past, that “some will find ambiguity even in a ‘No Smoking’ sign....” Int'l Union, United Auto. Aerospace & Agric. Implement Workers of America v. General Dynamics Land Sys. Div., 815 F.2d 1570, 1575 (D.C.Cir.1987). I see no more ambiguity on the specific issue in this case than in a “No Smoking” sign. Single shift measurement is to be used unless the finding is made. Here the finding has been made. I do not see how the statute can be read as authorizing the use of single shift measurement.
Obviously since I find no ambiguity, I would not reach the second step of Chevron to pursue the reasonableness of the interpretation. However, as the majority does reach that step, I will comment briefly upon it. The question at that second step is: whether the administrative interpretation is a “permissible construction of the statute,” Chevron, 467 U.S. at 843, 104 S.Ct. at 2782. A permissible construction to which we must defer is “a reasonable interpretation made by the administrator of [the] agency.” Id. at 844, 104 S.Ct. at 2782. I not only do not find the Secretary’s construction of the statute to be a reasonable one, I am not at all certain what the construction is. After reviewing the record before us and the opinion of the majority, I am still at a loss to understand how the Secretary construes the words of 30 U.S.C. § 842(f) to allow the use of single shift measurement after the adverse finding has been made.
I agree with the majority that the syntax of the statute and the regulation are complicated. This has perhaps created a problem of interpretation. But the resolution of that problem is for Congress, not the Secretary or the court. I understand the Secretary is pursuing the laudable goals set forth by Congress “to provide, to the greatest extent possible, that the working conditions in each underground coal mine are sufficiently free of respirable dust concentrations in the mine atmosphere to permit each miner the opportunity to work underground during the period of his entire adult working life without incurring any disability from pneumoconio-sis or any other occupation related disease during or at the end of such period.” 30 U.S.C. § 841(b). But as we have observed before, the congressional motivation in a statute, no matter how exemplary, does not issue to the administrative agency “a roving commission to achieve [any] lauda *15 ble goal.” Michigan v. EPA, 268 F.3d 1075, 1084 (D.C.Cir.2001). Any federal agency’s authority must be derived from the statute under which it operates, and unless it is within that portfolio, the agency’s acts, no matter how reasonable or beneficent, are not consistent with law. In my view, the Secretary here has overstepped that statutory empowerment. I therefore respectfully dissent.